1   JEFFREY M. LENKOV, ESQ. (SBN 156478)
    **MANNING & KASS**
2   **ELLROD, RAMIREZ, TRESTER** LLP
    15th Floor at 801 Tower
3   801 South Figueroa Street
    Los Angeles, CA 90017
4   Telephone: (213) 624-6900
    Facsimile:  (213) 624-6999
5
    Attorneys for Defendant MACY'S WEST STORES, INC.
6   [Erroneously sued herein as MACY'S CORPORATE SERVICES, INC. DBA
    MACY'S WESTFIELD VALENCIA TOWN CENTER]
7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11  DAWN SNYDER; MARTY URIBE,              )  **Case No.:** CV14-7886 ODW JPR
                                           )
12              Plaintiff,                 )  **DEFENDANT MACY'S WEST**
                                           )  **STORES' NOTICE OF REMOVAL**
13  vs.                                    )  **OF ACTION UNDER 28 U.S.C.**
                                           )  **§1441(b); AND DECLARATION OF**
14  MACY'S CORPORATE SERVICES,             )  **ROBERT P. WARGO IN SUPPORT**
    INC. DBA MACY'S WESTFIELD              )  **THEREOF; DEMAND FOR JURY**
15  VALENCIA TOWN CENTER, and              )  **TRIAL**
    DOES 1 to 100, inclusive              )
16                                         )  Complaint Filed: 6/26/14
                Defendants.                )
17  _____)

18  **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

19          **PLEASE TAKE NOTICE** that Defendant **MACY'S WEST STORES, INC.**

20  ("Macy's"), hereby removes to this Court the State Court action described below:

21  1.     On June 26, 2014, Plaintiffs Dawn Snyder and Marty Uribe filed this action in

22         the Superior Court of the State of California, County of Los Angeles, as Case

23         No. BC549787.  Attached hereto as Exhibit "A" is a true and correct copy of

24         the Summons and Complaint.  Attached hereto as Exhibit "B" is a true and

25         correct copy of Macy's Answer filed on September 16, 2014.

26  2.     This action is a civil action of which this Court has original jurisdiction under

27         28 U.S.C. §1332, and is one which may be removed to this Court by

28         Defendant Macy's, pursuant to the provisions of 28 U.S.C. §1441, in that it is

a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

3. Diversity of the parties exists as Plaintiffs Dawn Snyder and Marty Uribe are citizens of the State of California, County of Los Angeles.

4. Defendant Macy's West Stores, Inc., is an Ohio corporation with its headquarters and principal place of business located in Cincinnati, OH

5. Plaintiffs' lawsuit asserts causes of action against Macy's for premises liability/general negligence and loss of consortium. In Plaintiff Snyder's Statement of Damages, a true and correct copy of which is attached hereto as Exhibit "C," she seeks $5,000,000 for pain, suffering and inconvenience; $150,000 for emotional distress; in excess of $250,000 for medical expenses to date; in excess of $250,000 for future medical expenses; in excess of $5,000 for lost income and an unknown amount for future lost income. In Plaintiff Uribe's Statement of Damages, a true and correct copy of which is attached hereto as Exhibit "D," he seeks $1,000,000 for pain, suffering and inconvenience and $700,000 for loss of consortium. Plaintiffs served these Statements of Damages on September 29, 2014.

6. Thus, the amount in controversy in this action exceeds the $75,000 jurisdictional limit established by 28 U.S.C. §1332(a).

Dated: October 8, 2014

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP

By: _Robert P. Wargo_
SBN 175198
Jeffrey M. Lenkov, Esq.
Attorneys for Defendant, **MACY'S WEST STORES, INC.**

# DECLARATION OF ROBERT P. WARGO

I, ROBERT P. WARGO, declare that:

1. I am an attorney at law duly licensed to practice before this Court and all of the courts of the State of California. I am Senior Counsel at Manning & Kass, Ellrod, Ramirez, Trester LLP, the attorneys for Defendant MACY'S WEST STORES, INC. ("Macy's"), in this action. If called upon to do so, I could and would testify to the following from my personal knowledge, except as to those matters stated on information and belief, as to which I believe them to be true.

2. On June 26, 2014, Plaintiffs Dawn Snyder and Marty Uribe filed this action in the Superior Court of the State of California, County of Los Angeles, as Case No. BC549787. Attached hereto as Exhibit "A" is a true and correct copy of the Summons and Complaint. Attached hereto as Exhibit "B" is a true and correct copy of Macy's Answer filed on September 16, 2014.

3. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1332, and is one which may be removed to this Court by Defendant Macy's, pursuant to the provisions of 28 U.S.C. §1441, in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4. Diversity of the parties exists as Plaintiffs Dawn Snyder and Marty Uribe are citizens of the State of California, County of Los Angeles.

5. Defendant Macy's West Stores, Inc., is an Ohio corporation with its headquarters and principal place of business located in Cincinnati, OH

6. Plaintiffs' lawsuit asserts causes of action against Macy's for premises liability/general negligence and loss of consortium. In Plaintiff Snyder's Statement of Damages, a true and correct copy of which is attached hereto as Exhibit "C," she seeks $5,000,000 for pain, suffering and inconvenience; $150,000 for emotional distress; in excess of $250,000 for medical expenses to

date; in excess of $250,000 for future medical expenses; in excess of $5,000 for lost income and an unknown amount for future lost income. In Plaintiff Uribe's Statement of Damages, a true and correct copy of which is attached hereto as Exhibit "D," he seeks $1,000,000 for pain, suffering and inconvenience and $700,000 for loss of consortium. Plaintiffs served these Statements of Damages on September 29, 2014.

7.   Thus, the amount in controversy in this action exceeds the $75,000 jurisdictional limit established by 28 U.S.C. §1332(a).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed at Los Angeles, California on October 8, 2014.

Robert P. Wargo

# DEMAND FOR JURY TRIAL

Defendant MACY'S WEST STORES, INC., hereby demands trial of this matter by jury.

Dated: October 8, 2014

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP

By: _____
Jeffrey M. Lenkov, Esq.
Attorneys for Defendant, **MACY'S WEST STORES, INC.**

G:\docsdata\JML\Snyder, Dawn v Macy's (potential)\Pldgs\Notice of Removal.wpd

NOTICE OF REMOVAL

# EXHIBIT A

 

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

NOTICE TO DEFENDANT:
(AVISO AL DEMANDADO):
MACY'S CORPORATE SERVICES, INC.
OBA Macy's Westfield
Valencia Town Center and does 1-100 inclusive

YOU ARE BEING SUED BY PLAINTIFF:
(LO ESTA DEMANDANDO EL DEMANDANTE):
DAWN SNYDER; MARTY URIBE

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**FILED**
Superior Court of California
County of Los Angeles

JUN 26 2014

Sherri R. Carter, Executive Officer/Clerk
By _____ , Deputy
Shaunya Bolden

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web Site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo-ca-gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta córte y hacer que se entregue una copia al demandante. Una carta o llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la córte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la córte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede mas cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le de un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte a el colegic, de abogados locales.*

| The name and address of the court is:<br>(El nombre y dirección de la corte es):<br>SUPERIOR COURT OF LOS ANGELES<br>111 NORTH HILL ST.<br><br>LOS ANGELES, CA 90012 | CASE NUMBER:<br>(Número del Caso):<br>**BC 5 4 9 7 8 7** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
ARNOLD W. GROSS (SBN: 57179)
10663 Yarmouth Ave.
GRANADA HILLS, CA 91344
(818) 368-8646

**SHERRI R. CARTER**

DATE: 06/25/2014
(Fecha)

JUN 26 2014

Clerk, by _____ , Deputy
(Secretario)                              (Adjunto)

**SHAUNYA BOLDEN**

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

NOTICE TO THE PERSON SERVED: You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [ ] on behalf of (specify):

   under [ ] CCP 416.10 (corporation)       [ ] CCP 416.60 (minor) CCP
         [ ] CCP 416.20 (defunct corporation)  [ ] 416.70 (conservatee)
         [ ] CCP 416.40 (association or partnership)  [ ] GCP 416.90 (authorized person)
         [ ] other (specify):
4. [ ] by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January, 2004]

## SUMMONS

Code of Civil Procedure §§ 412.20, 465



Arnold W. Gross, Esq., SBN: 57179
Adam J. Savin, Esq., SBN: 274899
Law Offices of Savin & Bursk
10663 Yarmouth Ave.
Granada Hills, CA. 91344
Phone: (818) 368-8646
Fax: (818) 368-9547
Attorneys for Plaintiffs,
Dawn Snyder and Marty Uribe

**FILED**
Superior Court of California
County of Los Angeles

JUN 26 2014

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Shaunya Bolden

FSC: 1 2 / 1 0 / 2015 TRIAL: 1 2 / 2 8 / 2015 OSC: 0 6 / 2 6 / 2017

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| DAWN SNYDER; MARTY URIBE; | CASE NO.   BC 5 4 9 7 8 7 |
| Plaintiffs, | |
| vs. | COMPLAINT FOR DAMAGES |
| | 1. PREMISES LIABILITY/GENERAL NEGLIGENCE. |
| MACY'S CORPORATE SERVICES, INC. DBA MACY'S WESTFIELD VALENCIA TOWN CENTER, and DOES 1-100 inclusive; | 2. LOSS OF CONSORTIUM |
| Defendants. | |

**COMPLAINT**

COMES NOW Plaintiffs, DAWN SNYDER and MARTY URIBE, Los Angeles County,

California residents, by and through undersigned counsel, and hereby sues Defendant MACY'S

CORPORATE SERVICES, INC. DBA. MACY'S WESTFIELD VALENCIA TOWN

RECEIPT #: LCHK559300350
DATE PAID: 06/26/14
PAYMENT: $435.00
RECEIVED:
CHECK:    $0.00
CASH:    $0.00
CHANGE:    $0.00
CREDIT:    $435.00

CIT/CASE:
LEA/DEF#:    BC549787

01:30 PM    310
$435.00
$0.00
$0.00

 

CENTER, a corporation doing business in California for profit, and for their causes of action

alleges:

## GENERAL ALLEGATIONS

1. This is an action for damages in excess of $25,000.00 ($25,000.00) exclusive of attorney's fees and costs.

2. That at all times material hereto, Plaintiffs, each of them were residents of Los Angeles County, California, with a home address of 28006 Minaret Ct., Castaic CA. 91384.

3. That at all times material hereto, Defendant MACY'S CORPORATE SERVICES, INC. DBA. MACY'S WESTFIELD VALENCIA TOWN CENTER, was and is a California corporation doing business in California for profit.

4. That at all times material hereto, Defendant MACY'S CORPORATE SERVES, INC. DBA. MACY'S WESTFIELD VALENCIA TOWN CENTER, owned and/or operated Macy's Westfield Valencia Town Center located at 26450 McBean Pkwy, Santa Clarita CA. 91355.

5. The incident which is the subject matter of this litigation occurred in Los Angeles County California.

6. This Honorable Court has jurisdiction over this lawsuit in that the Plaintiffs DAWN SNYDER and MARTY URIBE at the time of the incident resided in Los Angeles County, California, the incident which is the basis of this lawsuit took place in Los Angeles County, California and this is an action for money damages for the Plaintiffs DAWN SNYDER and MARTY URIBE against the MACY'S CORPORATE SERVICES, INC. DBA. MACY'S WESTFIELD VALENCIA TOWN CENTER,

Law Offices of Savin & Bursk
10663 Yarmouth Ave.
Granada Hills CA. 91344

2



exceeding Twenty Five Thousand dollars ($25,000.00).

7. Plaintiff is ignorant of the true names and capacities, whether individual, corporate, and associate or otherwise, of defendants sued herein as DOES 1 through 100, inclusive, and therefore sues said defendants by such fictitious names. Plaintiff is informed and believes, and upon such information and belief, alleges that each of the defendants designated herein as DOE is legally responsible in some manner for the events and happening referred to herein and caused the damages proximately thereby to Plaintiff as hereinafter alleged. Plaintiff will seek leave of court to amend this complaint to show the true names and capacities of the defendants designated herein as DOES 1 through 100 when the same have been ascertained.

## COUNT 1

### PREMISES LIABILITY/ GENERAL NEGLIGENCE

#### (By Plaintiff Dawn Snyder)

8. Plaintiff, DAWN SYNDER re-alleges the allegation in Paragraphs One (1) through Seven (7) of this complaint and incorporates them herein.

9. That on or about July 12, 2012 at approximately 1:30pm, Plaintiff Dawn Snyder was a business invitee at Macy's Westfield Valencia Town Center and was lawfully on the premises for the purpose of shopping.

10. That during her shopping while walking on tile flooring near the Mack make-up counter and the Coach Purses, Plaintiff believes her left foots stride was negatively affected by what is believed to be Red Duct Tape that was extended from a protruding upward power outlet in multiple directions, each piece of Red Tape believed to be about twelve (12) inches in length. Immediately following, Plaintiff's right foot in an attempt to

3

Law Offices of Bavta & Barsk
10663 Yarmouth Ave.
Granada Hills CA. 91344

stabilize caught the edge of the upward protruding power outlet which then caused Plaintiff to slam to the floor in a forward motion.   The tile floor in which the protruding electrical box was located was a multi colored tile with colors such as brown, sand, orange tones and red tones, which made the Red Duct Tape covered brass electrical box difficult to distinguish from the floor, especially when special attention was given to the surrounding merchandise and sales.  On July 12, 2012 at the time of the incident Plaintiff alleges that the upward protruding electrical box was in excess of 1 inch and situated within the walking path where such an electrical box would not be anticipated nor expected. On approximately July 22, 2012 or July 23, 2012,  Plaintiffs DAWN SNYDER and MARTY URIBE returned to the scene of the incident to examine the electrical box and noticed it had been altered including alterations to the Red Duct Tape as well as what appeared to be a slight reduction in the height of the protruding electrical box. Plaintiffs inquired with nearby sales associated from the Mack Counter and Coach Counter who advised Plaintiffs that not only had the power outlet been modified since the incident, but that Macy's was aware of the hazard since at least one person was injured previously.  In approximately late November 2012, Plaintiffs again revisited the scene and noticed the electrical box was again sitting a little lower at approximately ½ inch with added wear and tear on the Red Duct Tape.

11. At no time on the date of incident was there any caution signs, warning signs, placed cones, or anything to warn of the dangerous obstacle other than the Red Duct Tape used in an apparent attempt to protect against the lip of the brass electrical box.

12. The Red Duct Tape illustrates that Defendant Macy's Westfield Valencia Town Center had actual knowledge of the protruding electrical box.

Law Offices of Bavis & Bank
10663 Tarzanoh Ave.
Granada Hills CA. 91344

4



13. That Plaintiff DAWN SNYDER, tripped forward with her forward motion slamming her to the hard tile floor, striking her entire body, causing severe whip lash effects on neck, immediate pain to her foot, ankle, leg, hand, arms, as well as immediate discomfort to her back and neck. This tripping and fall incident was due to the negligent acts and omissions of Defendant MACY'S CORPORATE SERVICES, INC. DBA. MACY'S WESTFIELD VALENCIA TOWN CENTER, in that it negligently created a dangerous or negligent condition, to wit:

   a.  By failing to provide a safe environment for a business invitee to walk upon;

   b.  In failing to keep the said premises in a safe and proper condition for the use of its business invitees; and

   c.  In failing to warn the Plaintiff DAWN SNYDER of the dangerous condition, of said failure to keep the premises in a safe condition, which caused the trip and fall at the place where the Plaintiff DAWN SNYDER was caused to fall.

14. That at the time and place aforesaid, the Defendant, MACY'S CORPORATE SERVICES, INC. DBA. MACY'S WESTFIELD VALENCIA TOWN CENTER so recklessly or negligently maintained, operated or controlled said premises as to cause the plaintiff, DAWN SNYDER to be injured thereon at a time when the Defendant MACY'S CORPORATE SERVICES, INC. DBA. MACY'S WESTFIELD VALENCIA TOWN CENTER, caused the premises to be unsafe, and knew, or by the exercise of ordinary care, should have known, that the said area was not in a reasonably safe condition commensurate with the circumstances of its use by patrons, or in the alternative;

15. At the aforesaid time and place the Defendant, Macy's Westfield Valencia Town Center, failed to exercise proper care in maintaining the said area in a safe condition, or in the

Law Offices of Savin & Bursk
10663 Yarmouth Ave.
Granada Hills Ca. 91344

5



alternative;

16. Employed incompetent, inexperienced unskilled or careless employees and/or failed to exercise proper supervision of said employees in maintaining the said area in a proper, safe condition, thereby causing serious injuries to the Plaintiff DAWN SNYDER, as herein alleged, or in the alternative;

17. That at the time and place aforesaid, the Defendant MACY'S CORPORATE SERVICES, INC. DBA. MACY'S WESTFIELD VALENCIA TOWN CENTER, knew or should have known of the existence of the dangerous walking environment and fall hazard for a period of time sufficient to put the Defendant MACY'S CORPORATE SERVICES, INC. DBA. MACY'S WESTFIELD VALENCIA TOWN CENTER on notice and the Defendant, failed under its duty to both maintain, repair, inspect the area or warn business invites of said dangerous condition, or in the alternative, the Defendant Macy's Westfield Valencia Town Center's employees knew of the existence of the "dangerous condition" in the area and in the exercise of their duty to maintain the said area in a reasonably safe condition for the invitees' use, so carelessly and negligently maintained said area that it was, in fact, a hazard, and it cause the Plaintiff, DAWN SNYDER to fall violently substantially injuring herself.

18. That as a direct and proximate result of the said negligence by Defendant MACY'S CORPORATE SERVICES, INC. DBA. MACY'S WESTFIELD VALENCIA TOWN CENTER the Plaintiff, DAWN SNYDER has suffered severe bodily injury including cervical and lumbar surgeries, and resulting pain and suffering, disability, mental anguish and loss earnings and has incurred substantial medical expenses for treatment and care, past, present and future. Said losses, injuries, and expenses are either

Law Offices of Savin & Bursk
10663 Yarmouth Ave.
Granada Hills CA. 91344

6




permanent or continuing in nature and Plaintiff, DAWN SNYDER will continue to

suffer same in the future.

### COUNT II

### LOSS OF CONSORTIUM

### (By Plaintiff Marty Uribe)

19. The Plaintiff incorporates by reference all the above paragraphs as though fully set forth

herein.

20. At the time of the accident complained of in the Plaintiffs' Complaint, the Plaintiffs

DAWN SNYDER and MARTY URIBE were married and that the Plaintiffs continue to

be married, now for approximately 15 years.

21. That as a result of the wrongful and negligent acts of the Defendants, and each of them,

the Plaintiffs were caused to suffer, and will continue to suffer in the future, loss of

consortium, loss of society, affection, assistance, conjugal fellowship, enjoyment of life,

economic damages and earning capacity, all to the detriment of their marital

relationship.

22. That all the aforesaid injuries and damages were caused solely and proximately by the

negligence of the Defendants, each of them.

23. By reason of the conduct of Defendants, and each of them, Plaintiff MARTY URIBE

sustained and continues to sustain, special damages in an amount presently

unascertainable.

WHEREFORE, Plaintiffs jointly as husband and wife, demand judgment against the

defendants, jointly and severally as follows:

Law Offices of Sevin & Bank
10663 Yarmouth Ave.
Granada Hills CA. 91344

7

 

FOR THE FIRST CAUSE OF ACTION AGAINT DEFENDANT MACY'S CORPORATE SERVICES, INC. DBA. MACY'S WESTFIELD VALENCIA TOWN CENTER:

1.  For general damages according to proof;

2.  For medical and related expenses according to proof;

3.  For future medical and related expenses according to proof;

4.  For interest thereon at the legal rate;

5.  For costs of suit incurred herein; and

6.  For such other and further relief as the Court deems just and proper

FOR THE SECOND CAUSE OF ACTION AGAINT DEFENDANT MACY'S CORPORATE SERVICES, INC. DBA. MACY'S WESTFIELD VALENCIA TOWN CENTER:

7.  For general damages according to proof;

8.  For medical and related expenses according to proof;

9.  For future medical and related expenses according to proof;

10. For interest thereon at the legal rate;

11. For costs of suit incurred herein; and

12. For such other and further relief as the Court deems just and proper

Date:



LAW OFFICE OF SAVIN & BURSK

ARNOLD W. GROSS, Attorney for Plaintiffs

COMPLAINT FOR DAMAGES

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| ARNOLD W. GROSS (SBN: 57179)<br>10663 YARMOUTH AVE.<br>GRANADA HILLS, CA 91344<br>TELEPHONE NO.: (818) 368-8646    FAX NO.: (818) 368-9547<br>ATTORNEY FOR (Name): DAWN SNYDER; MARTY URBIE | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>JUN 26 2014<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By_____ Deputy<br>Shaunya Bolden |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 NORTH STREET
MAILING ADDRESS:
CITY AND ZIP CODE: LOS ANGELES, CA 90012
BRANCH NAME: CENTRAL

CASE NAME: SNYDER, ET AL. V. MACY'S

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER BC 5 4 9 7 8 7 |
|---|---|---|
| ☒ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☒ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition (not specified above) (43)

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.☒ monetary   b.☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (specify):
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 06/25/2014

ARNOLD W. GROSS
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |




CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**




| SHORT TITLE: SNYDER, ET AL., VS. MACY'S | CASE NUMBER BC 5 4 9 7 8 7 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES  LIMITED CASE? ☐ YES  TIME ESTIMATED FOR TRIAL 5 ☐ HOURS/ ☑ DAYS

**Item II. Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):**

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| **Auto Tort** Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| Other Personal Injury Property Damage Wrongful Death (23) | ☑ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | ☑ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.0
Page 1 of 4

 

| SHORT TITLE: SNYDER, ET AL., VS. MACY'S | CASE NUMBER |
|---|---|

| **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | ☐ A6109  Labor Commissioner Appeals | 10. |
| Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | ☐ A6032  Quiet Title | 2., 6. |
| | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

Row labels (left margin):
- **Non-Personal Injury/ Property Damage/ Wrongful Death Tort**
- **Employment**
- **Contract**
- **Real Property**
- **Unlawful Detainer**

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

 

| SHORT TITLE: SNYDER, ET AL., VS. MACY'S | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |




| SHORT TITLE: | CASE NUMBER |
|---|---|
| SNYDER, ET AL., VS. MACY'S | |

**Item III.** *Statement of Location:* Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| | ADDRESS: |
|---|---|
| **REASON:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☐2. ☐3. ☑4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | MACY'S WESTFIELD VALENCIA TOWN CENTER<br>24201 VALENCIA RD. |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| VALENCIA | CA | 91355 |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the STANLEYMOSK courthouse in the CENTRAL District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: 6/25/14

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

# EXHIBIT B

1   JEFFREY M. LENKOV, ESQ. (SBN 156478)
    **MANNING & KASS**
2   **ELLROD, RAMIREZ, TRESTER** LLP
    15th Floor at 801 Tower
3   801 South Figueroa Street
    Los Angeles, CA 90017
4   Telephone: (213) 624-6900
    Facsimile:  (213) 624-6999

5

6   Attorneys for Defendant,
    MACY'S WEST STORES, INC. [Erroneously sued herein as MACY'S CORPORATE SERVICES,
    INC. DBA MACY'S WESTFIELD VALENCIA TOWN CENTER]

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

SEP 16 2014

Sherri R. Carter, Executive Officer/Clerk
By Cristina Grijalva, Deputy

8   **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9   **FOR THE COUNTY OF LOS ANGELES-CENTRAL DISTRICT**

| | | |
|---|---|---|
| 11  DAWN SNYDER; MARTY URIBE, | ) | **Case No.: BC549787** |
| 12                    Plaintiff, | ) ) | |
| 13  vs. | ) ) ) | **ANSWER TO UNVERIFIED COMPLAINT; DEMAND FOR JURY TRIAL** |
| 14  MACY'S CORPORATE SERVICES, INC. | ) ) | |
| 15  DBA MACY'S WESTFIELD VALENCIA TOWN CENTER, and DOES 1 to 100, | ) ) | FSC:        December 12, 2015 |
| 16  inclusive | ) ) | TRIAL:    December 28, 2015 |
| 17                    Defendants. | ) ) | OSC:        June 26, 2017 |
| 18 | ) | *Complaint Filed: 6/26/2014* |

20         COMES NOW Defendant, MACY'S WEST STORES, INC. [Erroneously sued herein as

21   MACY'S CORPORATE SERVICES, INC. DBA MACY'S WESTFIELD VALENCIA TOWN

22   CENTER] and answering the unverified complaint on file herein, alleges as follows:

23        1.    Under the provisions of § 431.30 of the California Code of Civil Procedure, each and

24   every allegation, and all the allegations, and each cause of action in the Complaint, and the whole

25   thereof, is denied; and it is expressly denied that as a direct and proximate result of any act or

26   omission on the part of this answering defendant, that plaintiff sustained injury or damage in the

27   amount alleged, or in any amount, or amounts, or at all.

28   ///

## FIRST AFFIRMATIVE DEFENSE

2.    AS A FIRST AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint and each cause of action thereof, this answering defendant alleges by way of a plea of comparative negligence that the plaintiff was negligent in and about the matters and activities alleged in the Complaint, that said negligence contributed to and was a proximate cause of the alleged injuries and damages, if any, and that if this defendant is found to have been negligent, and if the plaintiff is entitled to recover damages against this answering defendant by virtue of the Complaint, this defendant prays that said recovery be diminished by reason of the negligence of the plaintiff in proportion to the degree of fault attributable to the plaintiff.

## SECOND AFFIRMATIVE DEFENSE

3.    AS A SECOND AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint, and each cause of action thereof, this defendant alleges by way of a plea of comparative negligence that the plaintiff was negligent in and about the matters and activities alleged in the Complaint, that said negligence contributed to and was a proximate cause of the alleged injuries and damages, if any, or was the sole cause thereof, and that if the plaintiff is entitled to recover damages against this defendant by virtue of the Complaint, this defendant prays that said recovery be diminished or extinguished by reason of the negligence of the plaintiff in proportion to the degree of fault attributable to the plaintiff.

## THIRD AFFIRMATIVE DEFENSE

4.    AS A THIRD AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint and each cause of action thereof, this defendant alleges that the incident mentioned in the Complaint and the alleged damages and/or injuries, if any, sustained by plaintiff were directly and proximately caused and contributed to by the negligence of a third party(ies) in that the said third parties did not exercise proper or necessary care or control over plaintiff at about the time of the happening of the incident complained of.

## FOURTH AFFIRMATIVE DEFENSE

5.    AS A FOURTH AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint, and each cause of action thereof, this defendant alleges that plaintiff had knowledge of the risks and hazards involved in the activity at the time and place of the alleged incident and voluntarily engaging therein

thereby assumed the risks and hazards thereof.

## FIFTH AFFIRMATIVE DEFENSE

6.  AS A FIFTH AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint and each cause of action thereof, this defendant alleges that if plaintiff is entitled to a joint judgment against this defendant and the remaining defendants, and each of them, this defendant prays that this Court order each of the judgment debtors to pay to plaintiff their proportionate share of the joint judgment, the judgment debtor's proportionate share having been determined by the trier of fact; and if this defendant is required to pay plaintiff a disproportionate share of any joint judgment, this defendant prays leave of this Court to seek contribution by motion against any other judgment debtor not paying the proportionate share allocated to any such defendant by the trier of fact.

## SIXTH AFFIRMATIVE DEFENSE

7.  AS A SIXTH AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint and each cause of action thereof, this defendant alleges that plaintiff has failed to state facts sufficient to constitute a cause of action against defendant.

## SEVENTH AFFIRMATIVE DEFENSE

8.  AS A SEVENTH AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint and each cause of action thereof this defendant alleges that the injuries sustained, if any, were either wholly or in part, negligently caused by persons, firms, corporations, or entities other than this answering defendant, and said negligence is either imputed to plaintiff, by reason of the relationship of said parties to plaintiff and/or said negligence comparatively reduces the percentage of negligence, if any, by this answering defendant.

## EIGHTH AFFIRMATIVE DEFENSE

9.  AS AN EIGHTH AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint and each cause of action thereof, this answering defendant alleges that the Complaint, and all causes of action therein, are barred by the statute of limitations of the Code of Civil Procedure, including but not limited to C.C.P. §§ 337.1, 337.15, 338 and 340.

## NINTH AFFIRMATIVE DEFENSE

10.  AS A NINTH AND SEPARATE AFFIRMATIVE DEFENSE, to the Complaint and

each cause of action thereof, this defendant alleges that payments have heretofore been made on behalf of defendant to plaintiff in an amount to be proved at trial without any admission of liability or responsibility for the incident herein sued upon or the injuries alleged sustained. Defendant is, pursuant to Insurance Code § 11583, entitled to a credit in that amount against any settlement made or judgment rendered herein.

### TENTH AFFIRMATIVE DEFENSE

11.    AS AN TENTH AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint and each cause of action thereof, this defendant alleges that any injury, damage or loss suffered by plaintiff was proximately caused by plaintiff's failure to use reasonable means to prevent aggravation of plaintiff's conditions and to use reasonable means to mitigate damages to plaintiff.

### ELEVENTH AFFIRMATIVE DEFENSE

12.    AS AN ELEVENTH AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint and each cause of action thereof, this defendant alleges that liability, if any, for all non-economic damages shall be allocated in direct proportion to each tortfeasor's percentage of fault. Civil Code, § 1431, et seq.

### TWELFTH AFFIRMATIVE DEFENSE

13.    AS A TWELFTH AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint and each cause of action thereof, this defendant alleges that plaintiff has unreasonably failed to mitigate damages, if any.

### THIRTEENTH AFFIRMATIVE DEFENSE

14.    AS A THIRTEENTH AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint and each cause of action thereof, this party was given no notice of any alleged dangerous condition on its property in time to rectify any such alleged condition prior to the injuries of the plaintiff.

### FOURTEENTH AFFIRMATIVE DEFENSE

15.    AS A FOURTEENTH AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint and each cause of action thereof, this answering defendant had no actual or constructive knowledge of the alleged dangerous or unsafe condition which plaintiff claims caused her injures.

///

## FIFTEENTH AFFIRMATIVE DEFENSE

16. AS A FIFTEENTH AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint, and each cause of action thereof, this answering defendant alleges that this subject action is frivolous and plaintiff and her attorney are liable for sanctions pursuant to C.C.P. § 128.5 and § 128.7.

## SIXTEENTH AFFIRMATIVE DEFENSE

17. AS A SIXTEENTH AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint, and each cause of action thereof, this answering defendant had no ownership interest in, or control of, the premises and/or area whereat plaintiff claims to have been injured.

**WHEREFORE,** answering defendant prays that plaintiff take nothing by the Complaint; that answering defendant have judgment for costs of suit incurred herein; and for such further relief as this Court may deem just and proper.

Dated: September 16, 2014

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP

By: _____
Jeffrey M. Lenkov, Esq.
Attorneys for Defendant, [Erroneously sued herein as MACY'S CORPORATE SERVICES, INC. DBA MACY'S WESTFIELD VALENCIA TOWN CENTER]

## DEMAND FOR JURY TRIAL

Defendant, [Erroneously sued herein as MACY'S CORPORATE SERVICES, INC. DBA MACY'S WESTFIELD VALENCIA TOWN CENTER] hereby demands trial of this matter by jury.

Dated: September 16, 2014

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP

By: _____
Jeffrey M. Lenkov, Esq.
Attorneys for Defendant, [Erroneously sued herein as MACY'S CORPORATE SERVICES, INC. DBA MACY'S WESTFIELD VALENCIA TOWN CENTER]

G:\docs\data\JML\Snyder, Dawn v. Macy's (potential)\Pldgs\Answer.wpd

ANSWER TO UNVERIFIED COMPLAINT; DEMAND FOR JURY TRIAL

**PROOF OF SERVICE**
Snyder v. Macy's - LASC Case No. BC549787
**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 801 South Figueroa Street, 15th Floor, Los Angeles, California 90017.

On **September 16, 2014**, I served the document described as **ANSWER TO UNVERIFIED COMPLAINT; DEMAND FOR JURY TRIAL** on the interested parties in this action by placing true copies thereof enclosed in a sealed envelope(s) addressed as follows:

> Arnold W. Gross, Esq.
> Adam J. Savin, Esq.
> Law Offices of Savin & Bursk
> 10663 Yarmouth Avenue
> Granada Hills, CA 91344
> Tel:    818-368-8646
> Fax:    818-368-9547
> *Attorneys for Plaintiff, Dawn Snyder*

☒ **(BY MAIL)** I caused such envelope(s) to be deposited in the mail at Los Angeles, California. The envelope(s) were/was mailed with postage thereon fully prepaid. I placed such envelope(s) with postage thereon prepaid in the United States mail at Los Angeles, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY OVERNIGHT COURIER):** I placed the above-referenced document in envelope(s) designated by the express service carrier (UPS) for overnight delivery, addressed as indicated above or on the attached service list. I delivered said UPS envelope to the personnel of our mail room. I am "readily familiar" with the firm's practice of collecting and processing documents intended for UPS overnight delivery. Under that practice, after the document is delivered to the firm's mail room, it is deposited that same day, with delivery fees provided for, in a box or other facility regularly maintained by the express service carrier or is delivered to an authorized courier or driver authorized by UPS service carrier to receive documents for overnight delivery.

☐ **(BY FACSIMILE)** I telecopied such document to the offices of the addressee(s) at the listed fax number(s) as indicated above or on the attached service list.

☐ **(BY PERSONAL SERVICE)** I caused to be delivered such envelope(s) by hand to the offices of the addressee(s) as indicated above or on the attached service list via NATIONWIDE LEGAL, INC.

☒ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September 16, 2014 at Los Angeles, California.

YVONNE F. SANCHEZ

# EXHIBIT C

CIV-050

**- DO NOT FILE WITH THE COURT -**
**- UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):* | TELEPHONE NO.<br>(818) 368-8646 | FOR COURT USE ONLY |
|---|---|---|
| ARNOLD W. GROSS, ESQ. (SBN: 57179)<br>ADAM J. SAVIN,ESQ.(SBN:274899)<br>LAW OFFICES OF SAVIN & BURSK<br>10663 YARMOUTH AVENUE<br>GRANADA HILLS, CA 91344<br>ATTORNEY FOR *(name):* | | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   LOS ANGELES
STREET ADDRESS:  111 NORTH HILL ST.
MAILING ADDRESS:
CITY AND ZIP CODE:  LOS ANGELES, CA 90012
BRANCH NAME:  CENTRAL

PLAINTIFF:  DAWN SNYDER; MARTY URIBE
DEFENDANT:  MACY'S WEST STORES, INC., ERRONEOUSLY SUED HEREIN AS MACY'S

**STATEMENT OF DAMAGES**
**(Personal Injury or Wrongful Death)**

CASE NUMBER:
BC549787

To *(name of one defendant only):*   MACY'S WEST STORES, INC., ERRONEOUSLY SUED HEREIN AS MACY'S CORPORATE SERVICES, INC
Plaintiff *(name of one plaintiff only):*   DAWN SNYDER
seeks damages in the above-entitled action, as follows:

|   |   |   | AMOUNT |
|---|---|---|---|
| 1. | **General damages** | | |
| | a. [X] Pain, suffering, and inconvenience | ................................................. | $ 5,000,000. |
| | b. [X] Emotional distress | ................................................. | $ 150,000.00 |
| | c. [ ] Loss of consortium | ................................................. | $ 0.00 |
| | d. [ ] Loss of society and companionship *(wrongful death actions only)* | ................. | $ 0.00 |
| | e. [ ] Other *(specify)* | ................................................. | $ 0.00 |
| | f. [ ] Other *(specify)* | ................................................. | $ 0.00 |
| | g. [ ] Continued on Attachment 1.g. | | |
| 2. | **Special damages** | | |
| | a. [X] Medical expenses *(to date)* | ...........................IN EXCESS OF... | $ 250,000.00 |
| | b. [X] Future medical expenses *(present value)* | ...................IN EXCESS OF | $ 250,000.00 |
| | c. [X] Loss of earnings *(to date)* | ..........................IN EXCESS OF... | $ 5,000.00 |
| | d. [X] Loss of future earning capacity *(present value)* | ..................... | $ UNKNOWN |
| | e. [ ] Property damage | ................................................. | $ 0.00 |
| | f. [ ] Funeral expenses *(wrongful death actions only)* | ................. | $ 0.00 |
| | g. [ ] Future contributions *(present value) (wrongful death actions only)* | ............. | $ 0.00 |
| | h. [ ] Value of personal service, advice, or training *(wrongful death actions only)* | ......... | $ 0.00 |
| | i. [ ] Other *(specify)* | | $ 0.00 |
| | j. [ ] Other *(specify)* | | $ 0.00 |
| | k. [ ] Continued on Attachment 2.k. | | |
| 3. | [ ] **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify).* | | $ 0.00 |
| | when pursuing a judgment in the suit filed against you. | | |

Date: 9/29/14

ARNOLD W. GROSS, ESQ. (SBN: 57179)
_____
(TYPE OR PRINT NAME)                                      (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-050 [Rev. January 1, 2007]

**STATEMENT OF DAMAGES**
**(Personal Injury or Wrongful Death)**

Legal
Solutions
Plus

Code of Civil Procedure, §§ 425.11, 425.115

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 10663 Yarmouth Avenue, Granada Hills, CA 91344.

On September 29, 2014, I caused the service of a true and correct copy of **PLAINTIFF DAWN SNYDER STATEMENT OF DAMAGES** on the interested parties in this action to the addressee as follows:

**Jeffrey M. Lenkov, Esq.**
**MANNING & KASS ELLROD, RAMIREZ, TRESTER LLP**
**15th Floor at 801 Tower**
**801 South Figueroa Street**
**Los Angeles, CA 90017**

| (X)      BY MAIL | ( )      BY ELECTRONIC TRANSMISSION |
|---|---|
| I caused such envelope to be deposited in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit. | I caused said PDF document(s) to be transmitted by electronic mail to the name(s) and e-mail address(es) of the person(s) set forth on the attached service list. A true and correct copy of the confirmation of receipt of email in attached hereto. |
| ( )      BY OVERNIGHT DELIVERY | ( )      BY FACSIMILE TRANSMISSION |
| Said document was placed in an envelope designated by the express service center and placed for collection in a box regularly maintained by said carrier with whom we have a direct billing account, to be delivered to the office of the addressee listed above on the next business day. | I caused said document(s) to be transmitted by facsimile transmission to the name(s) and facsimile telephone number(s) of the person(s) set forth on the attached service list. The facsimile machine telephone number of the sending facsimile machine was (213) 542-2101. A transmission report was issued by the sending facsimile machine confirming that the transmission was completed without error. A true and correct copy of said transmission report is attached hereto. |

(X)      **STATE**      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

(X)      EXECUTED      on September 29, 2014 at Los Angeles, California.

EVAN KANTZ

# EXHIBIT D

- DO NOT FILE WITH THE COURT -

**CIV-050**

- UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | | FOR COURT USE ONLY |
|---|---|---|
| ARNOLD W. GROSS, ESQ. (SBN: 57179)<br>ADAM J. SAVIN,ESQ.(SBN:274899)<br>LAW OFFICES OF SAVIN & BURSK<br>10663 YARMOUTH AVENUE<br>GRANADA HILLS, CA 91344 | TELEPHONE NO:<br>(818) 368-8646 | |

ATTORNEY FOR (name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES

STREET ADDRESS: 111 NORTH HILL ST.

MAILING ADDRESS:

CITY AND ZIP CODE: LOS ANGELES, CA 90012

BRANCH NAME: CENTRAL

PLAINTIFF: DAWN SNYDER; MARTY URIBE

DEFENDANT: MACY'S WEST STORES, INC., ERRONEOUSLY SUED HEREIN AS MACY'S

**STATEMENT OF DAMAGES**
(Personal Injury or Wrongful Death)

| CASE NUMBER: |
|---|
| BC549787 |

To (name of one defendant only): MACY'S WEST STORES, INC., ERRONEOUSLY SUED HEREIN AS MACY'S CORPORATE SERVICES, INC

Plaintiff (name of one plaintiff only): MARTY URIBE

seeks damages in the above-entitled action, as follows:

**1. General damages**
                                               **AMOUNT**

    a. [X] Pain, suffering, and inconvenience . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 1,000,000.

    b. [ ] Emotional distress . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 0.00

    c. [X] Loss of consortium . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 700,000.00

    d. [ ] Loss of society and companionship (wrongful death actions only) . . . . . . . . . . . . . . . . $ 0.00

    e. [ ] Other (specify) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 0.00

    f. [ ] Other (specify) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 0.00

    g. [ ] Continued on Attachment 1.g.

**2. Special damages**

    a. [ ] Medical expenses (to date) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 0.00

    b. [ ] Future medical expenses (present value) . . . . . . . . . . . . . . . . . . . . . . . . . . $ 0.00

    c. [ ] Loss of earnings (to date) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 0.00

    d. [ ] Loss of future earning capacity (present value) . . . . . . . . . . . . . . . . . . . . . . $ 0.00

    e. [ ] Property damage . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 0.00

    f. [ ] Funeral expenses (wrongful death actions only) . . . . . . . . . . . . . . . . . . . . . . $ 0.00

    g. [ ] Future contributions (present value) (wrongful death actions only) . . . . . . . . . . . . . $ 0.00

    h. [ ] Value of personal service, advice, or training (wrongful death actions only) . . . . . . . . $ 0.00

    i. [ ] Other (specify) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 0.00

    j. [ ] Other (specify) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 0.00

    k. [ ] Continued on Attachment 2.k.

**3.** [ ] **Punitive damages**: Plaintiff reserves the right to seek punitive damages in the amount of (specify) . . $ 0.00
    when pursuing a judgment in the suit filed against you

Date: 9/29/14

ARNOLD W. GROSS, ESQ. (SBN: 57179)

(TYPE OR PRINT NAME)                                         (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

**STATEMENT OF DAMAGES**
(Personal Injury or Wrongful Death)

Legal Solutions Plus

Code of Civil Procedure, §§ 425.11, 425.115

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen (18) and not a party to the within action.  My business address is 10663 Yarmouth Avenue, Granada Hills, CA 91344.

On September 29, 2014, I caused the service of a true and correct copy of **PLAINTIFF MARTY URIBE STATEMENT OF DAMAGES** on the interested parties in this action to the addressee as follows:

**Jeffrey M. Lenkov, Esq.**
**MANNING & KASS ELLROD, RAMIREZ, TRESTER LLP**
**15th Floor at 801 Tower**
**801 South Figueroa Street**
**Los Angeles, CA 90017**

| (X)   BY MAIL | ( )   BY ELECTRONIC TRANSMISSION |
|---|---|
| I caused such envelope to be deposited in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with U.S. postal service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit. | I caused said PDF document(s) to be transmitted by electronic mail to the name(s) and e-mail address(s) of the person(s) set forth on the attached service list. A true and correct copy of the confirmation of receipt of email in attached hereto. |
| ( )   BY OVERNIGHT DELIVERY | ( )   BY FACSIMILE TRANSMISSION |
| Said document was placed in an envelope designated by the express service center and placed for collection in a box regularly maintained by said carrier with whom we have a direct billing account, to be delivered to the office of the addressee listed above on the next business day. | I caused said document(s) to be transmitted by facsimile transmission to the name(s) and facsimile telephone number(s) of the person(s) set forth on the attached service list. The facsimile machine telephone number of the sending facsimile machine was (213) 542-2101. A transmission report was issued by the sending facsimile machine confirming that the transmission was completed without error. A true and correct copy of said transmission report is attached hereto. |

(X)     **STATE**     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

(X)     EXECUTED   on September 29, 2014 at Los Angeles, California.

EVAN KANTZ

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| DAWN SNYDER; MARTY URIBE | MACY'S WEST STORES, INC. |

| (b) County of Residence of First Listed Plaintiff _____ *(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant _____ *(IN U.S. PLAINTIFF CASES ONLY)* |
|---|---|

| (c) Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. | Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. |
|---|---|
| Adam J. Savin, Esq./Arnold W. Gross, Esq. Law Offices of Savin & Bursk 10663 Haywood Avenue Granada Hills, CA 91344        Tel. No. 818-368-8646 | Jeffrey M. Lenkov, Esq. Manning & Kass, Ellrod, Ramirez, Trester LLP 801 S. Figueroa Floor, 15th Floor Los Angeles, CA  90017        Tel. No. 213-624-6900 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 2. U.S. Government Defendant

☐ 3. Federal Question (U.S. Government Not a Party)

☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding   ☒ 2. Removed from State Court   ☐ 3. Remanded from Appellate Court   ☐ 4. Reinstated or Reopened   ☐ 5. Transferred from Another District (Specify)   ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No        ☐ **MONEY DEMANDED IN COMPLAINT:** $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. Section 1441(b)

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influ- enced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Com- modities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☒ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury- Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury- Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accommodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities- Employment ☐ 446 American with Disabilities-Other ☐ 448 Education | ☐ 751 Family and Medical Leave Act ☐ 790 Other Labor Litigation ☐ 791 Employee Ret. Inc. Security Act | |

CV14-7886

**FOR OFFICE USE ONLY:**        Case Number:

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII.  VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned.  This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A:  Was this case removed from state court? <br> [X] Yes    [ ] No <br><br> If "no," skip to Question B.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | [X] Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| | [ ] Orange | Southern |
| | [ ] Riverside or San Bernardino | Eastern |

| QUESTION B:  Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? <br><br> [ ] Yes  [X] No <br><br> If "no," skip to Question C.  If "yes," answer Question B.1, at right. | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.? <br><br> *check one of the boxes to the right* ➡ | [ ] YES.  Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
| | | [ ] NO.  Continue to Question B.2. |
| | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) <br><br> *check one of the boxes to the right* ➡ | [ ] YES.  Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | [ ] NO.  Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C:  Is the United States, or one of its agencies or employees, a DEFENDANT in this action? <br><br> [ ] Yes  [X] No <br><br> If "no," skip to Question D.  If "yes," answer Question C.1, at right. | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.? <br><br> *check one of the boxes to the right* ➡ | [ ] YES.  Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
| | | [ ] NO.  Continue to Question C.2. |
| | **C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) <br><br> *check one of the boxes to the right* ➡ | [ ] YES.  Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | [ ] NO.  Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | **A.** <br> Orange County | **B.** <br> Riverside or San Bernardino County | **C.** <br> Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside.  (Check up to two boxes, or leave blank if none of these choices apply.) | [ ] | [ ] | [X] |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside.  (Check up to two boxes, or leave blank if none of these choices apply.) | [ ] | [ ] | [ ] |

| **D.1.  Is there at least one answer in Column A?** <br><br> [ ] Yes   [X] No <br><br> If "yes," your case will initially be assigned to the <br> SOUTHERN DIVISION. <br><br> Enter "Southern" in response to Question E, below, and continue from there. <br><br> If "no," go to question D2 to the right. ➡ | **D.2.  Is there at least one answer in Column B?** <br><br> [ ] Yes   [X] No <br><br> If "yes," your case will initially be assigned to the <br> EASTERN DIVISION. <br><br> Enter "Eastern" in response to Question E, below. <br><br> If "no," your case will be assigned to the WESTERN DIVISION. <br><br> Enter "Western" in response to Question E, below. ⬇ |
|---|---|

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | WESTERN |

| QUESTION F: Northern Counties? | | |
|---|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | [ ] Yes | [X] No |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court**? ☒ NO   ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Is this case related (as defined below) to any cases previously filed **in this court**? ☒ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are related when they:

☐ A. Arise from the same or closely related transactions, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Check all boxes that apply. That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

| **X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** | *Robert P. Wargo, SBN 175177 for* | DATE: October 10, 2014 |

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |